1 REBECCA D. EISEN, State Bar No. 96129
  REBECCA LICHT, State Bar No. 267752
2 MORGAN, LEWIS & BOCKIUS LLP
  One Market, Spear Tower
3 San Francisco, CA 94105
  Tel: 415.442.1000
4 Fax: 415.442.1001

5 Attorneys for Defendant
  MAXIM HEALTHCARE SERVICES, INC.

6

7

**ORIGINAL FILED**

NOV 1 2 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*EMC*

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10            CV 10            5145

| | |
|---|---|
| 11 BARBARA BUCKLAND, individually, ANNA MARIE STEWART, individually, | Case No. _____ |
| 12 CARMEN PETERS, individually, and on behalf of other members of the general | **NOTICE OF REMOVAL OF ACTION** |
| 13 public similarly situated, | [28 U.S.C. **§§** 1331, 1441, 1446 & 1453] |
| 14 Plaintiffs, | |
| 15 vs. | |
| 16 MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation; and Does 1 | |
| 17 through 100, inclusive, | |
| 18 Defendants. | |

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22040180.2

NOTICE OF REMOVAL
Case No. _____

1  **TO THE CLERK OF THE ABOVE-TITLED COURT:**

2  **PLEASE TAKE NOTICE** that Defendant Maxim Healthcare Services, Inc.

3  ("Defendant" or "Maxim") by and through its counsel, removes the above-entitled action from

4  the Superior Court of the State of California for the County of Alameda, to this Court pursuant to

5  28 U.S.C. Sections 1331, 1441, 1446, and 1453, and states that this Court has jurisdiction over

6  the action because it includes a claim arising under the laws of the United States. Removal is

7  based on the following grounds:

8  1.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to

9  removal of cases. *See* 28 U.S. § 1453.

10  2.  On or about September 7, 2010, Plaintiffs Barbara Buckland, Anna Marie Steward,

11  and Carmen Peters ("Plaintiffs") filed a civil action in the Superior Court of the State of

12  California for the County of Alameda, entitled *Barbara Buckland, individually, Anna Marie*

13  *Stewart, individually, Carmen Peters, individually, and on behalf of other members of the general*

14  *public similarly situated, Plaintiffs vs. Maxim Healthcare Services, Inc., a Maryland corporation;*

15  *and DOES 1 through 100, inclusive, Defendants*, Case Number RG10535130 ("Complaint"). The

16  Complaint alleges ten causes of action: (1) unpaid wages and overtime pursuant to Fair Labor

17  Standards Act ("FLSA"), 29 U.S.C. §§ 207(A) and 216(B), (2) unpaid wages and overtime

18  pursuant to Labor Code Sections 510 and 1198, (3) unlawful deductions from wages pursuant to

19  Labor Code Sections 221 and 223, (4) failure to provide meal periods pursuant to Labor Code

20  Sections 226.7 and 512, (5) failure to provide rest periods pursuant to Labor Code Section 226.7,

21  (6) failure to pay wages pursuant to Labor Code Section 204, (7) failure to reimburse business

22  expenses pursuant to Labor Code Section 2802, (8) failure to timely pay wages due at termination

23  pursuant to Labor Code Sections 201 through 203, (9) failure to provide accurate wage statements

24  and maintain wage records pursuant to Labor Code Sections 226 and 1174, (10) unlawful

25  business practices pursuant to Business and Professions Code Section 17200 et seq.

26  3.  On September 7, 2010, Plaintiffs filed a Notice of Filing Consents to Joinder. A

27  true and correct copy of the notice is attached hereto as Exhibit A.

28  4.  On September 13, 2010, Plaintiffs filed a request to reclassify to unlimited civil

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22040180.2                    1                    NOTICE OF REMOVAL
                                                       Case No. _____

1    jurisdiction. A true and correct copy of the order is attached hereto as Exhibit B.

2        5.      The Summons and Complaint were served upon Maxim on October 15, 2010 by

3    process server. A true and correct copy of the Summons and Complaint are attached hereto as

4    Exhibit C.

5        6.      On November 12, 2010, Maxim filed and served its answer to Plaintiff's complaint

6    ("Answer"). A true and correct copy of Maxim's Answer is attached hereto as Exhibit D.

7        7.      No other proceedings have been held in this action. Exhibit A, Exhibit B, Exhibit

8    C, and Exhibit D constitute all process, pleadings and orders filed in this case.

9        8.      Because this Notice of Removal is filed within thirty days of service of the initial

10   Summons and/or Complaint upon Maxim, it is timely under 28 U.S.C. § 1446(b) and 28 U.S.C. §

11   1453.

12       9.      This action is a civil action as to which the federal courts have original jurisdiction

13   under 28 U.S.C. § 1331, and which may be removed by Defendant to federal court under the

14   provisions of 28 U.S.C. § 1441, because it includes a claim arising under the laws of the United

15   States. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

16   **I.      A FEDERAL QUESTION EXISTS**

17       10.     The first cause of action in the Complaint alleges that Defendant's actions were in

18   violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), because

19   Defendant allegedly failed to pay wages and overtime compensation as required by

20   29 U.S.C. § 207, and federal regulations promulgated under the FLSA. Complaint, ¶ 50. The

21   first cause of action does not allege that Defendant's conduct is independently unlawful under

22   California substantive law.

23       11.     In addition, Plaintiffs have "artfully pled" alleged violations of the FLSA as a state

24   law claim for the restitution of overtime wages, under California Business and Professions Code §

25   17200. Complaint, ¶ 128. This attempt to engraft a state law remedy on alleged violations of a

26   federal law does not change the fact that the claim is necessarily federal in character, and

27   Plaintiffs' right to relief depends entirely on the resolution of whether Defendant violated the

28   FLSA. *See Hermanson v. Salomon Smith Barney*, 266 F. Supp. 2d 1208, 1211 (S.D. Cal. 2003)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22040180.2                    2                    NOTICE OF REMOVAL
                                              Case No. _____

1   (the requirements for federal jurisdiction are met where a federal violation is pled under the

2   auspices of a state cause of action).

3   12.     The federal question – the purported violation of the FLSA – in Plaintiffs' first

4   cause of action is "substantial," because the vindication of the purported state law right embodied

5   in California Business and Professions Code Section 17200 "necessarily turn(s) on some

6   construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808

7   (1986). Moreover, claims under the FLSA are clearly within a class of cases "for which

8   jurisdiction would serve congressional purposes and the federal system." *Id.* at 814. Indeed, an

9   employer's obligations under the FLSA can be enforced through a direct private right of action

10  under federal law. *See* 29 U.S.C. § 216(b) (authorizing awards of unpaid overtime, "liquidated"

11  damages, and attorney's fees). The availability of a direct federal right of action demonstrates

12  that the FLSA issue in this case is a "substantial" federal question "arising under" the laws of the

13  United States. *See Id.* (determining the presence of "substantial" federal question in state-law tort

14  claim based on availability of a private right of action under federal law).

15  13.     Plaintiff's remaining causes of action are claims over which this Court may

16  properly exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(a), because they form part

17  of the same case or controversy as the claims over which this Court would have original

18  jurisdiction.

19  **II.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

20  14.     Because this Notice of Removal is filed within thirty days of service of the

21  Complaint upon Defendant, it is timely under 28 U.S.C. Section 1446(b).

22  15.     As Plaintiffs filed this action in the Superior Court of the State of California,

23  County of Alameda, removal to the United States District Court, Northern District of California,

24  is proper under 28 U.S.C. Section 1441(a).

25  16.     As required by 28 U.S.C. Section 1446(d), Defendant will provide notice of this

26  removal to Plaintiffs through their attorneys of record.

27  17.     As required by 28 U.S.C. Section 1446(d), a copy of this Notice will be filed with

28  the Superior Court of the State of California, County of Alameda.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22040180.2                          3                                NOTICE OF REMOVAL
                                                          Case No. _____

1    18.    Defendant has sought no similar relief.

2    19.    If any question arises as to the propriety of the removal of this action, Defendant

3    requests the opportunity to present a brief in support of its position that this case is removable.

4    WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

5    in 28 U.S.C. Section 1446, Defendants pray that the above-captioned action pending in the

6    Superior Court of the State of California, County of Alameda, be removed therefrom to this

7    Court.

8    Dated: November 12, 2010                    MORGAN, LEWIS & BOCKIUS LLP

9

10                                               By _____

11                                                  Rebecca Licht
                                                    Attorneys for Defendant
12                                                  MAXIM HEALTHCARE SERVICES,
                                                    INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22040180.2                          4                              NOTICE OF REMOVAL
                                                        Case No. _____

# EXHIBIT A



*8774436*

1 · Mark R. Thierman Cal SB# 72913
laborlawyer@pacbell.net

2 Jason Kuller, Cal SBN# 228157
jkuller@callatg.com

3 **THIERMAN LAW FIRM**

4 7287 Lakeside Drive
Reno, Nevada 89511

5 Tel: (775) 284-1500

6 Jennifer L. Hart (SBN 176171)

7 **LAW OFFICE OF JENNIFER L. HART**
1801 Century Park East, 24th Floor

8 Los Angeles, California 90067
Telephone: (310) 903-0717

9 Facsimile: (310) 470-6324
jhart@jhartlawfirm.com

10

11 Attorneys for Plaintiffs Barbara Buckland, Anna-Marie
Stewart, Carmen Peters, and others similarly situated

12

13 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14 **FOR THE COUNTY OF ALAMEDA**

15 BARBARA BUCKLAND, individually,     CASE NO. RG10535130
ANNA MARIE STEWART, individually,

16 CARMEN PETERS, individually, and     **NOTICE OF FILING OF**
**CONSENTS TO JOINDER**

17 on behalf of other members of the general
public similarly situated,

18

19             PLAINTIFFS,

20

21     vs.                                     BY FAX

22

23 MAXIM HEALTHCARE SERVICES, INC., a

24 Maryland corporation; and DOES 1 through

25 100, inclusive,

26             Defendants.

27

28

---

FILED
ALAMEDA COUNTY

SEP – 7 2010

CLERK OF THE SUPERIOR COURT
By

1    PLEASE TAKE NOTICE that annexed hereto are Consents to Sue pursuant to 29

2  U.S.C. § 216(b) which are to be filed with the Clerk of the Court as of the date hereof on

3  · behalf of Barbara Buckland and Carmen Peters.

4      Dated: September 3, 2010          Respectfully submitted,
                                         LAW OFFICE OF JENNIFER L. HART
5                                        THIERMAN LAW FIRM

6

7                                        By:_____
                                              Jason J. Kuller
8                                             Mark R. Thierman
                                              Jennifer L. Hart
9

10                                       Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I, Carmen Peters, worked for Maxim Healthcare Services, Inc. as a Licensed Vocational Nurse from approximately March 2007 to January 2009 in Oakland, California.

I consent to be a party plaintiff in a lawsuit alleging that Maxim Healthcare Services, Inc. has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid wages and related damages that may be owed to me and other similarly-situated employees of Maxim Healthcare Services, Inc.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by the Law Offices of Jennifer L. Hart, Thierman Law Firm, P.C., and other attorneys with whom they may associate.

DATED: _____ 4/24 _____, 2010

Signature: _____

Print Name: _CARMEN PETERS_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I, Barbara Buckland, worked for Maxim Healthcare Services, Inc. as a Licensed Vocational Nurse from approximately May 2005 to January 2009 in Rancho Mirage, California.

I consent to be a party plaintiff in a lawsuit alleging that Maxim Healthcare Services, Inc. has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid wages and related damages that may be owed to me and other similarly-situated employees of Maxim Healthcare Services, Inc.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by the Law Offices of Jennifer L. Hart, Thierman Law Firm, P.C., and other attorneys with whom they may associate.

DATED: _August 16_____, 2010

Signature: _Barbara Buckland_

Print Name: _BARBARA BUCKLAND_

# EXHIBIT B



**FILED**
**ALAMEDA COUNTY**

Mark R. Thierman
Thierman Law Firm
7287 Lakeside Drive
Reno, Nevada 89511

SEP 1 3 2010

CLERK OF THE SUPERIOR COURT

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA
## RENE C. DAVIDSON COURTHOUSE

Buckland, Stewart, Peters

Case No. RG10535130

**Plaintiff,**

**Order Re: Reclassification**

Vs.

Maxim Healthcare Services, Inc.

**Defendant.**

In the above-entitled action, due to a clerical oversight on 9/07/10 the incorrect jurisdiction was selected. **GOOD CAUSE APPEARING, ON COURT'S OWN MOTION, IT IS HEREBY ORDERED** that the action be reclassified to Unlimited Civil jurisdiction.

Dated: September 8, 2010

_____
**Honorable Jon Rolefson, Presiding Judge**

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served the foregoing document by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

Dated:   SEP 1 3 2010

**Pat S. Sweeten**
**Executive Officer/Clerk of the Superior Court**

By _____
**Deputy Clerk**

# EXHIBIT C





*8774424*

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation;
and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Additional Parties Attachment Form Is Attached

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
ALAMEDA COUNTY

SEP - 7 2010

CLERK OF THE SUPERIOR COURT
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court

CASE NUMBER:
*(Número del Caso):* 10535130

Rene C. Davidson Alameda County Courthouse, 1225 Fallon Street,
Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark R. Thierman, Thierman Law Firm, 7287 Lakeside Drive, Reno, Nevada 89511; (775) 284-1500

DATE: SEP - 7 2010     PAT S. SWEETEN     Clerk, by _____ Deputy
*(Fecha)*               *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BUCKLAND, et al. vs. MAXIM HEALTHCARE SERVICES, INC. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

BARBARA BUCKLAND, individually, ANNA MARIE STEWART, individually, CARMEN PETERS, individually, and on behalf of other members of the general public similarly situated,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**




*8774432*

1   Mark R. Thierman Cal SB# 72913
    laborlawyer@pacbell.net
2   Jason Kuller, Cal SBN# 228157
    jkuller@callatg.com
3   THIERMAN LAW FIRM
    7287 Lakeside Drive
4   Reno, Nevada 89511
    Tel: (775) 284-1500
5

6   Jennifer L. Hart (SBN 176171)
7   LAW OFFICE OF JENNIFER L. HART
    1801 Century Park East, 24th Floor
8   Los Angeles, California 90067
    Telephone: (310) 903-0717
9   Facsimile: (310) 470-6324
    jhart@jhartlawfirm.com
10

11  Attorneys for Plaintiffs Barbara Buckland, Anna-Marie
    Stewart, Carmen Peters, and others similarly situated
12

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              FOR THE COUNTY OF ALAMEDA

15  BARBARA BUCKLAND, individually,        CASE NO. RG10535130
    ANNA MARIE STEWART, individually,
16  CARMEN PETERS, individually, and
    on behalf of other members of the general   CLASS ACTION COMPLAINT FOR
17  public similarly situated,                   DAMAGES, INJUNCTIVE RELIEF AND
                                                 RESTITUTION
18          PLAINTIFFS,                          BY FAX
19                                        1)  UNPAID WAGES AND
                                              OVERTIME (FLSA)
20  vs.                                       (29 U.S.C. §§ 207(A) and 216(B))
                                          2)  UNPAID WAGES AND
21                                            OVERTIME (CALIFORNIA)
                                              (Lab. Code §§ 510 and 1198)
22                                        3)  UNLAWFUL DEDUCTIONS
    MAXIM HEALTHCARE SERVICES, INC., a       FROM WAGES (Lab. Code §§ 221
23  Maryland corporation; and DOES 1 through  and 223)
    100, inclusive,                       4)  FAILURE TO PROVIDE MEAL
24                                            PERIODS (Lab. Code §226.7 and
            Defendants.                       512)
25                                        5)  FAILURE TO PROVIDE REST
                                              PERIODS (Lab. Code §226.7)
26                                        6)  FAILURE TO PAY WAGES (Lab.
                                              Code §204)
27                                        7)  FAILURE TO REIMBURSE
                                              BUSINESS EXPENSES (Lab. Code
28                                            §2802)
                                          8)  FAILURE TO TIMELY PAY
                                              WAGES DUE AT TERMINATION

FILED
ALAMEDA COUNTY

SEP - 7 2010

CLERK OF THE SUPERIOR COURT
By

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(*Lab. Code §§ 201-203*)
9) FAILURE TO PROVIDE
   ACCURATE WAGE
   STATEMENTS AND MAINTAIN
   WAGE RECORDS (*Lab. Code § 226
   and 1174*)
10) UNLAWFUL BUSINESS
    PRACTICES (*Bus. & Prof. Code
    §17200 et seq.*)

2                    CLASS ACTION COMPLAINT

1    Plaintiffs Barbara Buckland, Anna Marie Stewart, and Carmen Peters ("Plaintiffs"),

2    individually and on behalf of all similarly situated individuals and the general public, as follows:

3                                    **I. INTRODUCTION**

4    1.       Defendant MAXIM HEALTHCARE SERVICES, INC, (hereinafter also referred to as

5    "Defendant" or "Maxim") employed Plaintiffs Barbara Buckland, Anna Marie Stewart, and Carmen

6    Peters (hereinafter referred to collectively as Plaintiffs) as either licensed vocational nurses ("LVN",

7    also referred to as Licensed Practical Nurses – LPN – in other states), and/or travel nurses on a non-

8    salaried basis without properly payment of properly . Travel nurses are also LVNs and LPNs.

9    2.       By law, LPNs and LVNs are not considered exempt professionals.  As stated in both 29

10   CFR 541.301(e)(2) ("Licensed practical nurses and other similar health care employees, however,

11   generally do not qualify as exempt learned professionals because possession of a specialized

12   advanced academic degree is not a standard prerequisite for entry into such occupations." *Cf* Labor

13   Code 515(f)(1), and Wage Order 4, §3(f).  In addition, these employees are not paid on a fee or

14   salaried basis as required to be exempt from overtime as professionals. 29 C.F.R. §§300, 605.

15   3.       By law, LPNs and LVNs are not engaged as domestic companions, as that term excludes

16   licensed LPNs/LVNs such as Plaintiffs. 29 CFR 552.6 ("The term "companionship services" does

17   not include services relating to the care and protection of the aged or infirm which require and are

18   performed by trained personnel, such as a registered or practical nurse.) California has no domestic

19   home companion exemption, and wage order 4 specifically provides coverage for workers employed

20   by "home health agencies."  In addition, Section 3 (C) of Wage Order 15 requires overtime payments

21   to non-live in domestic service workers who are not personnel attendants. LVNs and LPNs are not

22   within the definition of a personal attendant because they do not "supervise, feed, or dress a child or

23   person who by reason of advanced age, physical disability, or mental deficiency needs supervision.

24   The status of 'personal attendant' shall apply when no significant amount of work other than the

25   foregoing is required."

26   4.       Based upon the facts in the record in *Cameron-Grant v. Maxim Healthcare Servs.,* 347 F.3d

27   1240 (11th Cir. 2003), and *Anglin v. Maxim Healthcare Servs.,* 2009 U.S. Dist. LEXIS 70155

28   (M.D. Fla. July 22, 2009), as well as previous governmental agency determinations and

                                            3                      CLASS ACTION COMPLAINT

1  investigations, Defendant knew of its obligations to pay all its LVNs, LPNs and travel nurses hourly
2  for all hours worked plus premium pay for overtime hours worked. However, Defendant willfully,
3  and deceptively failed to pay for all hours worked at the correct hourly rate, by doing the following
4  acts: (a) making lump sum deductions to their employees' paychecks to recover overtime
5  premiums earned by the employee; (b) by paying employees providing the same services at two
6  or more hourly rates, depending on whether they worked overtime and how much overtime they
7  worked; (c) reducing employees' hourly rates of pay on regularly scheduled home healthcare
8  assignments in amounts that rendered their weekly earnings equal to the amount of wages that
9  would have been earned by the employee had they been compensated for all hours worked at
10  straight-time rates only, thereby avoiding paying overtime to the employee while issuing
11  paystubs making it appear to the employees and the state of California that overtime wages were
12  being paid; (d) promising employees the assignment of additional hours on the condition that
13  the employee sign an overtime waiver and agree to a reduction in their hourly rate of pay; (e)
14  failing to pay employees for time spent traveling to and from out-of-town temporary
15  assignments and relocating for such assignments, and hours spent traveling to and from agency
16  offices to attend to work-related matters, complete paperwork, and attend meetings or training
17  sessions; (f) failing to pay premium compensation for missed meal and rest periods; and (g)
18  failing to reimburse employees for job-related expenses;

19  **II. JURISDICTION**

20  5.     This court has original jurisdiction over all California state law class and individual
21  claims of unpaid regular wages, unpaid overtime, unpaid premium pay for failure to comply
22  with meal and rest break requirements, statutory penalties for failure to provide accurate wage
23  statements, waiting time penalties, Private Attorney General Act penalties, plus interest,
24  attorneys' fees, and costs pursuant to California Labor Code ("Labor Code") sections 201-
25  204,210, 218.5, 221, 223, 225.5, 226, 226.7, 510, 512, 1174, 1194, 1198, 1199, 2699, and 2802
26  as well as the applicable wage order ("Wage Order") promulgated by California's Industrial
27  Welfare Commission ("IWC") (collectively, California Employment Laws and Regulations").
28

4                              CLASS ACTION COMPLAINT

6.     This court has concurrent jurisdiction over this collective action for unpaid minimum wages, unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to Section 16(b) of the federal Fair Labor Standards Act (29 U.S.C. § 216(b), hereinafter also referred to as the "FLSA""), which states:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

7.     This court also has original jurisdiction for all California state law class and individual claims of violation of California Business and Professions Code section 17200, *et seq.*, entitling the California Class (as defined below) to full restitution of all compensation and other monies retained by Defendants as a result of their unlawful, fraudulent, and unfair business practices alleged herein.

8.     This court also has original jurisdiction over a representative private attorney general action for all California state law claims for penalties under Labor Code § 2699, Plaintiffs having exhausted their administrative remedies by giving timely written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") and the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation.

### III. VENUE

9.     Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure sections 395(a) and 395.5 because at least some of the Plaintiffs worked and were paid in Alameda county and the obligations, liabilities, and breaches

1  complained of herein arose or occurred in the County of Alameda. Each Defendant either owns,

2  operates or maintains offices, transacts business, has an agent or agents within the County of

3  Alameda, or otherwise is found within the County of Alameda. Each Defendant is within the

4  jurisdiction of this Court for purpose of service of process.

5  **IV. PARTIES**

6      10.    Plaintiffs, and each of them, were employed or formerly employed by Defendant

7  Maxim Healthcare Services, Inc. as non-exempt employees in the job position of "basic nurses,"

8  officially licensed as Licensed Vocational Nurses ("LVN") in Texas and California, and as

9  Practical Nurses and/or Licensed Practical Nurses in all other states, to provide in-home patient

10  care, health care services to government facilities, and travel nurse services.

11      11.    Upon information and belief, Defendant MAXIM HEALTHCARE SERVICES,

12  INC. ("Maxim") corporation organized and existing under the laws of the state of Maryland

13  with its principal place of business in Columbia, Maryland which owns and operates home

14  healthcare staffing agencies, travel nurse and healthcare staffing agencies and government

15  services agencies ("Maxim Agencies") throughout the United States, including Alameda

16  County, providing services and/or doing business using goods and/or materials sold across state

17  lines. At all relevant times, Maxim has been, and continues to be, an "enterprise" engaged in

18  interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 203 and 207, with gross

19  operating revenues in excess of $500,000.00. Specifically, Maxim is a privately owned home

20  healthcare staffing agency employing 27,000 persons working from 400 office locations in 46

21  states, including 60 offices in California. Maxim's home healthcare division provides

22  companionship/homemakers, certified nurse assistants (CNAs), licensed vocational nurses

23  (LVNs), registered nurses (RNs) and other health professionals patients in to private homes.

24  Maxim's other healthcare divisions provide CNAs, LVNs, RNs, and travel nurses, radiology,

25  cardiology, imaging, and laboratory technicians, physical, respiratory, occupational and speech

26  therapists, and pharmacy professionals to medical facilities, hospitals, and government facilities

27  nationwide. Maxim earns approximately $1.2 billion in annual revenues. Maxim's parent

28  company, Allegis Group, is the largest is the largest privately held staffing company in the

---

6                     CLASS ACTION COMPLAINT

1 United States and serves a wide variety of industries, employing more than 8,000 internal office,

2 placement and management employees and 90,000 external leased employees in the U.S. and

3 abroad. 2007 annual revenues were estimated at $5.28 billion.

4     12.   Plaintiffs are informed and believe, and based thereon allege that at all relevant

5 times, each Defendant was an agent, employee, joint-venturer, shareholder, director, member,

6 co-conspirator, alter-ego, master, or partner of each of the other Defendants, and at all relevant

7 times, were acting within the scope and course and in pursuance of his, her, or its agency, joint

8 venture, partnership, employment, common enterprise, or actual or apparent authority in concert

9 with each other and the other Defendants.

10     13.   Defendants, and each of them, are individually, jointly, and severably liable as

11 the employer of Plaintiffs and each Class member because each Defendant directly or indirectly,

12 or through an agent or another person, employed or exercised control over the wages, hours, and

13 working conditions of Plaintiffs and the Class. At all relevant times, the acts and omissions of

14 various Defendants, and each of them, contributed to the various acts and omissions of each and

15 every one of the other Defendants in proximately causing the complaints, injuries, and damages

16 alleged herein.

17     14.   At all relevant times, Defendants, and each of them, approved of, condoned

18 and/or otherwise ratified each and every one of the acts or omissions complained of herein. At

19 all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

20 each and every one of the other Defendants thereby proximately causing the damages herein

21 alleged.

22     15.   Plaintiffs do not know the true names and capacities of Defendants sued herein as

23 Does 1 through 10, inclusive, and therefore sue each such Defendant by such fictitious names.

24 Plaintiffs are informed and believe, and based thereon allege that each of the Defendants sued

25 herein as a Doe defendant is responsible in some manner for the acts, omissions, or

26 representations alleged herein and any reference to "Defendant" or "Defendants" shall mean

27 "Defendants and each of them."

28

---

7               CLASS ACTION COMPLAINT

1    VI. CLASS ACTION ALLEGATIONS

2        16.    Plaintiffs bring this action on behalf of themselves and all persons similarly

3    situated as a collective action pursuant to 29 U.S.C. § 216(b) for claims under the FLSA, and as

4    a class action under California Code of Civil Procedure section 382 for violation of the

5    California Employment Law and Regulations, violation of Business & Professions Code 17200,

6    and other violations of California law.  This action may properly be maintained as a class action

7    pursuant to section 382 of the California Code of Civil Procedure because there is a well-

8    defined community of interest in the litigation and the proposed classes are easily ascertainable.

9        17.    As set forth more fully below: Plaintiffs bring this action on behalf of other

10   similarly situated employees in three ways: a collective action under the FLSA, a true class

11   action under California law and a representative action under the California Private Attorney

12   General Act ("PAGA", Labor Code 2699 et seq.  Each collective, class or representative group

13   is defined as follows:

14            a.  **FLSA OPT-In Collective Class**      All persons who are employed or

15                who have been employed by Defendants in the United States licensed and

16                having the job of "Licensed Vocational Nurse," "Licensed Practical

17                Nurse", Practical Nurse, Basic Nurse and/or equivalent position, and

18                persons having the job title "Travel Nurse" and/or equivalent position,

19                within three (3) years preceding the filing of this complaint and who file

20                their consents to join this collective action as party plaintiffs pursuant to

21                29 U.S.C. § 216(b).

22            b.  **California Overtime Class**: All persons who are employed or who have

23                been employed by Defendants in California licensed and having the job

24                of "Licensed Vocational Nurse," "Licensed Practical Nurse", Practical

25                Nurse, Basic Nurse and/or equivalent position, and persons having the job

26                title "Travel Nurse" and/or equivalent position, within four (4) years

27                preceding the filing of this complaint until the entry of judgment after

28                trial.

---

8                                                          CLASS ACTION COMPLAINT

c. **California PAGA Representative Non- Class**: All persons who are
employed or who have been employed by Defendants in California
licensed and having the job of "Licensed Vocational Nurse," "Licensed
Practical Nurse", Practical Nurse, Basic Nurse and/or equivalent position,
and persons having the job title "Travel Nurse" and/or equivalent
position, within one year preceding the filing of this complaint until the
entry of judgment after trial.

18.     The California Overtime Class is further subdivided into 5 subclasses consisting
of: (1) all California Class members who were not paid wages for all hours worked and/or at
unlawfully reduced hourly rates, including but not limited to out-of-town travel, relocation,
travel to the office, and attending meetings with office personnel, as required by the California
Employment Laws and Regulations ("the Wage Subclass"); (2) all California Class members
who were not paid overtime wages for all overtime hours worked as required by the California
Employment Laws and Regulations ("the Overtime Subclass"); (3) all California Class members
who were subject to unlawful deductions as prohibited by Labor Code sections 221 and 223
("the Deduction Subclass"); (4) all California Class members who were not provided adequate
meal periods as required by Labor Code sections 226.7 and 512 ("the Meal Period Subclass");
(5) all California Class members who were not provided adequate rest breaks as required by
Labor Code section 226.7 ("the Rest Break Subclass"); (6) all California Class members who
were not reimbursed for job-related expenses, including but not limited to training costs and
travel expenses ("the Expense Subclass"); (7) all California Class members who did not receive
all wages and compensation due when their employment ended as required by Labor Code
sections 201-203 ("the Waiting Time Subclass"); (8) all California Class members who were not
provided with accurate wage statements as required by Labor Code section 226 ("the Wage
Statement Subclass"). Membership in one Subclass is not mutually exclusive of membership in
the other Subclasses; indeed, it is believed that most members of the first Subclass are members
of the remaining Subclasses and that all Class Members no longer employed by Maxim are also
members of the fifth Subclass. Plaintiffs reserve the right under Rule 1855(b), California Rules

 

of Court, to amend or modify the Class or Subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues.

*A.* *Numerosity*

19. The Class Members are so numerous that the joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. While the precise number of proposed Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and/or during the relevant time period employed, over 100 healthcare employees whose job duties involve the direct delivery of healthcare services to patients.

20. The number, identity, and location of the proposed Class Members is readily ascertainable via inspection of Defendants' employment, personnel, and business records.

*B.* *Commonality*

21. There is a well-defined community of interest in the questions of law and fact affecting the Class and each subclass as a whole. These common questions of law and fact predominate over questions affecting only individual members, including, without limitation:

a. whether Defendants engaged in a scheme or artifice to avoid paying overtime by reducing the rate of pay to Class Members who worked overtime hours and/or taking lump-sum deductions from their regular paychecks so as to withhold overtime premiums for hours overtime hours worked;

b. whether Defendants engaged in a scheme or artifice to avoid paying overtime by paying employees providing the same services at two or more hourly rates, depending on whether they worked overtime and how much overtime they worked and/or promising employees the assignment of additional hours on the condition that the employee sign an overtime waiver and agree to a reduction in their hourly rate of pay;

c. whether Defendants failed to pay each Class Member straight time wages for each non-overtime hour worked;

10                    CLASS ACTION COMPLAINT

 

d. whether Defendants failed to pay each Class Member overtime compensation for each overtime hour worked;

e. whether Defendants violated Labor Code sections 221 and 223 by making unlawful deductions to California Class members' wages;

f. whether Defendants failed to provide each California Class member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Employment Law and Regulations;

g. whether Defendants failed to provide each California Class member with10 minutes net rest time for every 4 hours of work, or major fraction thereof, as required by California law;

h. whether Defendants violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each California Class member who quit or who was discharged;

i. whether Defendants violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each California Class member and the corresponding hourly rate;

j. Whether Defendants improperly retained, converted, appropriated, or deprived each Class Member or Subclass member the use of money or sums to which they were legally entitled;

k. whether Defendants were unjustly enriched by the work and services performed by Class Members without compensation;

l. whether Defendants made misrepresentations regarding Medi-Cal, Medicare and other third party reimbursement rates thereby inducing Class Members to agree to reductions in their contractual rates of pay and remain in Defendants' employ;

m. whether Defendants reassigned employees from higher paying assignments to lower paying assignments without informing employees that their wages had been cut;

n.   whether Defendants engaged in unfair business practices in violation of
Business and Professions Code section 17200 *et seq.*

*C.   Typicality*

22.   Proof of a common or single state of facts will establish the right of each member of the Class or subclasses to recover.

23.   The claims of the Plaintiffs are typical of the claims of all members of the Class or Subclasses mentioned herein.

*D.   Adequacy of Representation*

24.   Plaintiffs, as representative parties, will fairly and adequately protect the interests of the Class and have no interests that conflict with or are antagonistic to the interests of the Class.

25.   Plaintiffs and counsel are aware of their fiduciary responsibilities to the Class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

*E.   Superiority of Class Action*

26.   There is no plain, speedy, or adequate remedy other than by maintenance of this class action. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate its employees in accordance with California wage and hour law. The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.

27.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

12                    CLASS ACTION COMPLAINT

 

*F.*     *The PAGA Representative Group*

28.     At all relevant times, the Labor Code § 2699 was applicable to Plaintiffs' employment by Defendants.

29.     At all relevant times, Labor Code § 2699, "The Labor Code Private Attorneys General Act" (hereinafter "PAGA"), provides that for any provision of law under the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violation of the Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlines in Labor Code § 2699.3.

30.     Pursuant to Labor Code §2699, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

31.     Plaintiffs were employed by the Defendants and the alleged violations were committed against them during their time of employment, and they are, therefore, aggrieved employees.

32.     Plaintiffs are each an aggrieved employee who have satisfied the requirements of Labor Code §§ 2699.3 and 2699.5 and therefore seek to recover civil penalties, in addition to other remedies, for violations of Labor Code §§ 201, 202, 204, 221, 223, 226, 226.7, 510, 512, 1174, 1198, and 2802.

33.     Plaintiffs provided written notice by certified mail to the LWDA on April 20, 2010 and Defendants on June 11, 2010 of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the leged violations, a copy of which is attached hereto as exhibit A, and whose allegations are incorporated as if specifically set forth herein.

34.     Plaintiffs did not receive Notice from the LWDA stating that it intended to investigate the alleged violations.

**VII. GENERAL ALLEGATIONS**

35.     For the last four years, Defendant Maxim failed and continues to fail to pay for



1    all hours worked and fails to pay premium pay for hours worked overtime to all state Licensed

2    Vocational Nurses (called LVNs in California and Texas, referred to as Licensed Practical

3    Nurses or LPNs in other states), and also called "travel nurses" by Defendant, despite plenty of

4    notice from various government agonies including the Courts of its legal obligations to do so.

5        36.    This collective, class and representative action seeks recovery of unpaid regular

6    wages, and unpaid overtime, plus interest, attorneys' fees, and costs pursuant to 29 U.S.C. §

7    216(b) of the Fair Labor Standards Act ("FLSA"), for Plaintiffs and all others similarly situated

8    within the applicable statute of limitations. For those LVNs and/or travel nurses who worked in

9    the state of California, this action also seeks unpaid regular wages, unpaid overtime, unpaid

10    premium pay for failure to comply with meal and rest break requirements, statutory penalties for

11    unlawful deductions and failure to provide accurate wage statements, and waiting time

12    penalties, plus interest, attorneys' fees, and costs pursuant to Labor Code sections 201 -204,

13    210, 218.5, 221, 223, 225.5, 226, 226.7, 510, 512, 1194, 1198, 1199, 2699 and 2802, as well as

14    the applicable wage order ("Wage Order") promulgated by California's Industrial Welfare

15    Commission ("IWC") for all . By this conduct, Defendant also violated California Business and

16    Professions Code section 17200, *et seq.*, and Plaintiffs seek full restitution full restitution of all

17    compensation retained by Defendants as a result of their unlawful, fraudulent, and unfair

18    business practices.

19        37.    Maxim employees were subject to two or more pay rates depending on whether

20    they worked overtime, and how much overtime they worked. For example, if putative class

21    member worked on a case requiring 12 hours shifts (overtime), the putative class member

22    received a lower rate of pay than if when they worked on a case requiring 8 hour shifts (no

23    overtime), and a lower rate of pay compared to other similarly putative class member providing

24    the same or similar services on other cases requiring 8 hour shifts (no overtime) in the same

25    market area.

26        38.    In addition, when a putative class member was assigned to a case requiring

27    overtime hours, and was paid her proper hourly rate, Maxim made lump sum deductions to the

28    employee's paychecks in amounts equal to the overtime premiums earned in the pay period

("Lump Sum Deductions").

39.     In addition, if a putative class member was assigned to a 12 hour case, his or her rate of pay would be reduced by Maxim in an amount eliminating all overtime premiums.  For example, if a Class Member worked three 12-hour shifts in a week (24 straight time hours and 12 overtime hours) and was paid his or her current straight time rate of $16.00 per hour for all hours worked, including overtime hours, he or she would be paid $576 per week, rather than $672 per week required by law. To eliminate the overtime premium of $96 per week, while making the company's records appear that they were paying lawful overtime,  the putative class member's  hourly rate of pay would be reduced to $13.71 per hour – the rate at which he or she would earn $575.82 per week when paid 24 straight time hours and 12 overtime hours at 1.5 times her reduced rate of $13.71 per hour ("Blended Rate").

40.     The mathematical result of the Lump Sum Deductions and Blended Rate pay reductions was that putative class members were paid the same daily and weekly earnings regardless of whether they worked 8 hours per day or 12 hours per day.  Employees subjected to this wage reduction scheme were performing the same work, and in some cases the same work for the same patient, but were paid at two different rates of pay, in an attempt to avoid the overtime requirements of California and federal law.

41.     At the end of each month, each office manager would run a profitability report, accounting for third party reimbursement rates and costs of labor.  In those cases where profit margins were lower, or where profits could be inflated to pad the profits-based bonus compensation paid to office personnel and managers, the above-described Blended Rate pay cuts and Lump Sum Deductions were made.

42.     Defendant also promised employees additional work hours on the condition that the employee sign an overtime waiver and agree to a reduction in hourly wages  Employees who did not sign the waiver or agree to the reduction in wages were assigned fewer hours, and offered undesirable assignments in remote locations or under difficult working conditions.

43.     Defendants did not supply Class Members with a timesheet to record hours worked. Rather, Maxim required that employee record their start of shift and end of shift on the

1    patient's medical flowchart. The flowchart was submitted to Defendant for the purposes of

2    manually entering the employees' hours into Defendants' payroll system. However, if the

3    actual hours recorded on the patient flowchart exceeded the scheduled shift, Defendants failed

4    and refused to pay Class Members for hours worked in excess of the scheduled shift.

5        44.    Defendants failed to provide any meal or rest periods to Class Members.

6    Employees consistently worked 12 hour shifts without receiving a single meal or rest break, and

7    often worked 6 or 7 days a week without receiving a single meal or rest break.

8        45.    Employees were placed on temporary out-of-town healthcare assignments,

9    including work at government facilities. Maxim failed to pay these employees for hours spent

10   relocating and travel time incurred in moving from their home to their temporary residence.

11       46.    Employees were required to report to staffing agency offices to discuss or attend

12   to work-related matters, complete paperwork, or attend training courses. Employees were not

13   paid for hours spent traveling to and from the office, attending meetings, or completing training

14   sessions.

15                              **FIRST CAUSE OF ACTION**

16              **FOR FAILURE TO PAY WAGES AND OVERTIME COMPENSATION**
                        **IN VIOLATION OF 29 U.S.C. § 207**
17

18       47.    Plaintiffs re-allege and incorporate by reference each and every allegation set

19   forth in the preceding paragraphs.

20       48.    Plaintiffs bring this action on behalf of themselves and other members of the

21   proposed FLSA Class as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA.

22       49.    At all relevant times, Defendants have employed all members of the proposed

23   FLSA Class as employees within the meaning of the FLSA.

24       50.    At all relevant times, Plaintiffs and other members of the FLSA Class worked

25   off-the-clock hours and overtime hours in excess of forty (40) hours in a work week, were

26   subjected to Lump Sum Deductions and Blended Rate reductions in hourly wages, and other

27   violations as described in paragraphs 36 through 46 of this complaint, and Defendants willfully

28   failed to pay them wages and/or overtime compensation at the legally mandated rate.

16                                      CLASS ACTION COMPLAINT

51.    At all relevant times, Defendant willfully, regularly, and repeatedly failed to make, keep, preserve accurate records required by the FLSA with respect to Plaintiffs and the other members of the FLSA Class, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs and the other members of the FLSA Class.

52.    Pursuant to the FLSA, 29 U.S.C. §§ 207(a) and 216(b), Plaintiffs and other members of the FLSA Classes are entitled to damages in the amount of their respective unpaid regular and minimum wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action, and injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein, and such other legal and equitable relief as the Court deems just and proper.

53.    Pursuant to 29 U.S.C. §§ 216(b) and 256, to become a member of this FLSA collective action, the party plaintiffs of the FLSA Class have elected to opt in to this action by filing their consents with the Court.   Consent to sue forms for BUCKLAND, STEWART, and PETERS are filed herewith separately.

54.    From prior investigations by the United States Department of Labor, as well as private litigation resulting in published opinions and from other sources, Defendant knew that LVN's, LPNs and /or "traveling nurses" were not exempt from overtime compensation requirements.  Such workers are not exempt professionals nor were they paid on a fee or salary basis. In addition, putative class members are specifically excluded from the domestic companion exemption from the overtime laws under 29 C.F.R.  §552.6 ("The term "companionship services" does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse." ) and California state law.

55.    For purposes of notice and other purposes related to this action, the names, addresses, email addresses and phone numbers of the putative members of the FLSA Class are readily available from Defendants.  Timely notice of the pendency of this collective action and the consent to join form can be provided to putative class members of the FLSA Class by

1   individual mailing of the notice and consent to join form, and by posting the notice and consent

2   to join form in common areas of each Maxim Agency, and by email and posting on a website

3   on the interest..

4       56.     Plaintiffs are informed and believe and thereon allege that there are hundreds of

5   other putative class members of the FLSA Classes who will sign and file consents to join this

6   collective action once they are given notice of this action and the proper form to sign in order to

7   participate.

8       57.     Plaintiffs request that this court conditionally certify the FLSA Opt-In class for

9   purposes of giving notice of the pendency of this action and to toll all deadlines and limitations

10  of action from the filing of this lawsuit to the receipt of a valid consent to sue from each

11  participating FLSA Opt-in class member, and order Defendant to provide such information as it

12  can to assist in the accomplishing Notice.

13      58.     Wherefore, Plaintiffs demand payment of the unpaid balance of the full amount

14  of wages due for unpaid time worked, as well as  overtime premiums owing, including interest

15  thereon, penalties, reasonable attorneys' fees, and costs of suit within three years of the filing of

16  this complaint to the day of payment after judgment herein.

17                          **SECOND CAUSE OF ACTION**

18          **FOR FAILURE TO PAY WAGES AND OVERTIME COMPENSATION
            IN VIOLATION OF LABOR CODE §§ 510 and 1198**

19

20      59.     Plaintiffs re-allege and incorporate by reference each and every allegation set

21  forth in the preceding paragraphs.

22      60.     At all relevant times, Defendants have regularly and consistently maintained

23  corporate policies and procedures designed to reduce labor costs by reducing or minimizing the

24  amount of compensation paid to its employees, especially overtime compensation.

25      61.     At all relevant times, Plaintiffs and the California Class regularly performed

26  non-exempt work in excess of fifty percent (50%) of the time, and were thus subject to the

27  overtime requirements of California law.

28

62. Labor Code §§ 510 and 1198 and IWC Wage Order No. 4 § 3(A) provide that (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

63. At all relevant times, Plaintiffs and the California Class consistently worked in excess of eight (8) hours in a workday, in excess of forty (40) hours in a work week, in excess of twelve (12) hours in a workday, and/or for seven (7) consecutive days in a workweek.

64. At all relevant times, Plaintiffs and the California Class recorded their actual hours worked on a patient flowchart which was submitted to Defendants for the purposes of calculating wages due to Plaintiffs and the California Class. However, if the actual hours recorded exceeded the scheduled shift, Defendants failed and refused to pay Plaintiffs and the California Class Members for any and all hours actually worked in excess of the scheduled shift. Travel time between clients during the same day was compensable but not recorded, and therefore not paid.

65. Defendants further made Lump Sums Deductions to the California Class' paychecks to recover overtime premiums earned by the employee during the pay period, and reduced employees' hourly rates of pay on regularly scheduled home healthcare assignments so a Blended Rate as to avoid paying overtime.

66. Defendants intentionally, maliciously, fraudulently and with the intent to deprive the California Class of their ability to earn a living will so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiffs and other California Class members who worked overtime hours and/or taking lump-sum deductions from their regular paychecks so as to withhold overtime premiums for hours worked.

---

19                                    CLASS ACTION COMPLAINT

67.    Plaintiffs and California Class were entitled to receive overtime compensation at their lawful regular rate of pay.  By their failure to pay lawful premium overtime wages, as alleged above, Defendants willfully violated Labor Code §§ 510 and 1198 and IWC Wage Order No. 4.

68.    Wherefore, Plaintiffs demand, payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2  as a result of Defendants' failure to pay for all time worked and such premium compensation, as is required under California law for all California class members within three years of the filing of this complaint to the day of payment after judgment herein.

69.    In addition, Plaintiffs demand, as private attorneys generals on behalf of themselves and all other aggrieved employees, recovery of civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation committed by Defendant within one year of the filing of the letter with the Workforce Development Agency, as provided for in Labor Code § 2699(f) and (g), for the violation of the Labor Code described hereinabove.

**THIRD CAUSE OF ACTION**

**FOR UNLAWFUL DEDUCTIONS
IN VIOLATION OF LABOR CODE §§ 221and 223**

70.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

71.    At all relevant times, Defendants have regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

72.    At the end of a payroll period, Defendants made lump sum deductions to Plaintiffs' and the California Class' paychecks in the amount of the overtime premiums earned by the employee during the pay period  so as to avoid paying overtime compensation.

1       73.    Labor Code § 221 provides that it unlawful for any employer to collect or

2  receive from an employee any part of wages theretofore paid by said employer to said

3  employee.

4       74.    Labor Code § 223 provides that where any statute or contract requires an

5  employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower

6  wage while purporting to pay the wage designated by statute or by contract. Labor Code section

7  225 further provides that the violation of any provision of Labor Code §§ 221 and 223 is a

8  misdemeanor.

9       75.    As a result of the conduct alleged above, Defendants and each of them, have

10  unlawfully collected or received from Plaintiffs and the California Class a part of wages

11  theretofore paid by an employer to its employees.

12       76.    Wherefore, Plaintiffs demand return of all wages unlawfully deducted from their

13  paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit

14  pursuant to Labor Code §§ 225.5 and 1194.

15       77.    In addition, Plaintiffs demand, as private attorneys generals on behalf of

16  themselves and all other aggrieved employees, recovery of civil penalties of one hundred dollars

17  ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars

18  ($200) for each aggrieved employee per pay period for each subsequent violation committed by

19  Defendant within one year of the filing of the letter with the Workforce Development Agency, as

20  provided for in Labor Code § 2699(f) and (g) described hereinabove.

21                             **FOURTH CAUSE OF ACTION**

22                   **FOR FAILURE TO PROVIDE MEAL BREAKS**
                  **IN VIOLATION OF LABOR CODE §§ 226.7 and 512**

23

24       78.    Plaintiffs re-allege and incorporate by reference each and every allegation set

25  forth in the preceding paragraphs.

26       79.    Labor Code § 512, and IWC Wage Order No. 7 § 11(A) and (B) provide that an

27  employer may not employ a person for a work period of more than five (5) hours without

28  providing the employee with a meal period of not less than thirty (30) minutes, and may not

1  employ an employee for a work period of more than ten (10) hours per day without providing

2  the employee with a second meal period of not less than (30) minutes. Labor Code § 226.7 and

3  IWC Wage Order No. 7 § 11(D) require that Defendants pay each affected employee one (1)

4  hour of pay at the employee's regular rate of compensation for each workday that a meal break

5  was not provided.

6      80.    At all relevant times, Plaintiffs and the California Class consistently worked in

7  excess of five (5) or ten (10) hours in a day.

8      81.    At all relevant times, Defendants regularly required employees to work through

9  their first and second meal periods without proper compensation. Defendants' practice of

10  requiring employees to work through their legally mandated meal periods without premium

11  compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7.

12      82.    Defendants purposefully elected not to provide meal periods to Plaintiffs and

13  California Class members, and Defendants acted willfully, oppressively, and in conscious

14  disregard of the rights of Plaintiffs and the California Class members in failing to do so.

15      83.    Plaintiffs are informed and believe that Defendants did not properly maintain

16  records pertaining to when Plaintiffs and the California Class members began and ended each

17  meal period, in violation of Labor Code §1174 and IWC Wage Order No. 7 § 7(A).

18      84.    As a result of Defendants' knowing, willful, and intentional failure to provide

19  meal breaks Plaintiffs and the California Class members are entitled to recover one (1)

20  additional hour of pay at the employee's regular rate of pay for each work day that a meal

21  period was not provided, pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 11(D),

22  and penalties, reasonable attorney's fees, and costs of suit pursuant to Labor Code §§ 218.5.

23      85.    Defendants' wrongful and illegal conduct in failing provide California Class

24  members meal breaks or to provide premium compensation, unless and until enjoined by order

25  of this court, will continue to cause great and irreparable injury to the California Class members

26  in that Defendants will continue to violate these California laws unless specifically ordered to

27  comply with the same. This expectation of future violations will require current and future

28  employees to repeatedly and continuously seek legal redress in order to gain compensation to

1 || which they are entitled. Plaintiffs and the California Class members have no other adequate

2 || remedy at law to insure future compliance with the California laws alleged herein to have been

3 || violated.

4 ||      86.    Wherefore, Plaintiffs demand pursuant to Labor Code Section 227.7(b) that

5 || Defendant pay each California Overtime Class member one additional hour of pay at the

6 || California Overtime Class member 's regular rate of compensation for each work day that the

7 || meal or rest period was not provided.

8 ||      87.    In addition, Plaintiffs demand, as private attorneys generals on behalf of

9 || themselves and all other aggrieved employees, recovery of civil penalties of one hundred dollars

10 || ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars

11 || ($200) for each aggrieved employee per pay period for each subsequent violation committed by

12 || Defendant within one year of the filing of the letter with the Workforce Development Agency, as

13 || provided for in Labor Code § 2699(f) and (g) described hereinabove.

14 || **FIFTH CAUSE OF ACTION**

15 || **FOR DENIAL OF LAWFUL REST BREAKS**
16 || **IN VIOLATION OF LABOR CODE § 226.7**

17 ||      88.    Plaintiffs re-allege and incorporate by reference each and every allegation set

18 || forth in the preceding paragraphs.

19 ||      89.    Labor Code § 226.7 and IWC Wage Order No. 7 § 12(A) and (B) provide that an

20 || employer shall authorize and permit employees to take a ten (10) minute rest period for every

21 || four (4) hours worked or major fraction thereof, and that Defendants must pay each affected

22 || employee one (1) hour of pay at the employee's regular rate of compensation for each workday

23 || that a rest period was not provided.

24 ||      90.    Plaintiffs and other California Class members consistently worked in excess of

25 || three and one half (3 ½) hours per day.

26 ||      91.    At all relevant times, Defendants regularly required employees to work through

27 || their rest periods without proper compensation

28 ||

92.     Defendants' practice of requiring employees to work through their legally mandated rest periods without premium compensation is a violation of Labor Code §§ 226.7 and IWC Wage Order No. 7.

93.     Plaintiffs are informed and believe that Defendants purposefully elected not to provide rest periods to Plaintiffs and the California Class and willfully failed to pay employees the premium compensation to which they are entitled under Labor Code § 226.7 and IWC Wage Order No. 7 § 12(B), and that Defendants acted willfully, oppressively, and in conscious disregard of the rights of Plaintiffs and the California Class members in doing so.

94.     As a result of Defendants' knowing, willful, and intentional failure to provide rest breaks as described herein, Plaintiffs and the California Class are entitled to recover the unpaid balance of the premium compensation owed pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 12(B), including penalties, reasonable attorney's fees, and costs of suit pursuant to Labor Code § 218.5.

95.     Defendants' wrongful and illegal conduct in failing provide California Class members with the opportunity to take rest breaks or to provide premium compensation in accordance with Labor Code §§ 226.7 and IWC Wage Order No. 7, unless and until enjoined by order of this court, will cause great and irreparable injury to Plaintiffs and all California Class members in that the Defendants will continue to violate these California laws, unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

96.     Wherefore, Plaintiffs demand pursuant to Labor Code Section 227.7(b) that Defendant pay each California Overtime Class member one additional hour of pay at the California Overtime Class member 's regular rate of compensation for each work day that the meal or rest period was not provided.

1    97.    In addition, Plaintiffs demand, as private attorneys generals on behalf of

2  themselves and all other aggrieved employees, recovery of civil penalties of one hundred dollars

3  ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars

4  ($200) for each aggrieved employee per pay period for each subsequent violation committed by

5  Defendant within one year of the filing of the letter with the Workforce Development Agency, as

6  provided for in Labor Code § 2699(f) and (g), for the violation of the Labor Code described

7  hereinabove.

## SIXTH CAUSE OF ACTION

### FOR FAILURE TO PAY FINAL WAGES
### IN VIOLATION OF LABOR CODE § 204

11    98.    Plaintiffs re-allege and incorporate by reference each and every allegation set

12  forth in the preceding paragraphs.

13    99.    Labor Code § 204 provides that all wages earned by any person in any

14  employment between the 1st and the 15th days, inclusive, of any calendar month, other than

15  those wages due upon termination of an employee, are due and payable between the 16th and

16  the 26th day of the month during which the labor was performed.

17    100.    Labor Code § 204 provides that all wages earned by any person in any

18  employment between the 16th and the last day, inclusive, of any calendar month, other than

19  those wages due upon termination of an employee, are due and payable between the 1st and the

20  10th day of the following month.

21    101.    Labor Code § 204 provides that all wages earned for labor in excess of the

22  normal work period shall be paid no later than the payday for the next regular payroll period.

23    102.    During the relevant time period, Defendants willfully failed to pay Plaintiffs and

24  the other California Class members the regular and overtime wages due to them, within any

25  time period permissible by Labor Code § 204.

26    103.    Labor Code Section 210 provides that, in addition to, and entirely independent

27  from, any other penalty provided by law, every person who fails to pay the wages of each

28  employee are provided in Labor Code Section 204, shall be as follows:   (1) For any initial

25                          CLASS ACTION COMPLAINT

1   violation, one hundred dollars ($100) for each failure to pay each employee and    (2) For each

2   subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each

3   failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

4        104.    Wherefore, Plaintiff demands as private attorney generals pursuant to Labor

5   Code § 2699(f) and (g), one hundred dollars ($100) for each failure to pay each California

6   Overtime Class member and  for each subsequent violation, two hundred dollars ($200) for each

7   failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

8                            **SEVENTH CAUSE OF ACTION**

9              **FOR FAILURE TO PAY REIMBURSE BUSINESS EXPENSES**
                **IN VIOLATION OF LABOR CODE § 2802**
10

11       105.    Plaintiffs re-allege and incorporate by reference each and every allegation set

12   forth in the preceding paragraphs.

13       106.    Labor Code § 2802 provides that an employer must reimburse employees for all

14   necessary expenditures.

15       107.    Plaintiffs and other aggrieved employees incurred necessary business-related

16   expenses and costs that were not fully reimbursed by Defendants, including and without

17   limitation, costs incurred in traveling to and from temporary out-of-town assignments and

18   relocating in connection with such assignments, costs for CPR and other training. Defendants

19   had, and continue to have, a policy and practice of requiring employees, including Plaintiffs and

20   aggrieved employees, to pay for purchase and maintenance of shoes and other required clothing

21   out of their own funds.  Defendants had, and continue to have, a policy of not reimbursing

22   employees, including Plaintiffs and aggrieved employees, for said business-related expenses and

23   costs.

24       108.    Defendants have intentionally and willfully failed to fully reimburse Plaintiffs

25   and other aggrieved employees for necessary business-related expenses and costs.

26       109.    Defendants' conduct violates Labor Code § 2802. .

27       110.    Pursuant to the civil penalties provided for in Labor Code § 2699(f) and (g

28   Plaintiffs demand, as private attorneys generals on behalf of themselves and all other  aggrieved

---

26                          CLASS ACTION COMPLAINT

1    employees, recovery of civil penalties of one hundred dollars ($100) for each aggrieved employee

2    per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee

3    per pay period for each subsequent violation committed by Defendant within one year of the filing

4    of the letter with the Workforce Development Agency, as provided for in Labor Code § 2699(f)

5    and (g) described hereinabove for each such violation of Labor Code § 2802.

### EIGHTH CAUSE OF ACTION

#### FOR FAILURE TO PAY FINAL WAGES
#### IN VIOLATION OF LABOR CODE §§ 201 AND 202

9    111.    Plaintiffs re-allege and incorporate by reference each and every allegation set

10    forth above in the preceding paragraphs.

11    112.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

12    the wages earned and unpaid at the time of discharge are due and payable immediately, and that

13    if the employee voluntarily leaves his or her employment, his or her wages shall become due

14    and payable not later than seventy-two (72) hours thereafter, unless the employee has given

15    seventy-two (72) hours previous notice of his or her intention to quit, in which case the

16    employee is entitled to his or her wages at the time of quitting. Labor Code § 203 provides that

17    is an employer willfully fails to pay wages owed in accordance with §§ 201 and 202, then the

18    wages of the employee shall continue as a penalty from the due date until paid or until an action

19    is commenced, but the wages shall not continue for more than thirty (30) days.

20    113.    At all relevant times, Defendants consistently failed to pay Plaintiffs and those

21    California Class members who are no longer employed by Defendants their wages, earned and

22    unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving

23    Defendants' employ.

24    114.    Defendants' failure to timely pay final wages due to its employees, as alleged

25    herein, is violation of Labor Code §§ 201 and 202.

26    115.    Plaintiffs are informed and believe that Defendants Defendant willfully and

27    intentionally failed to pay Plaintiffs and those California Class members who are no longer

1   employed by Defendants such final wages either at the time of discharge, or within seventy-two

2   (72) hours of their leaving Defendant's employ.

3       116.    Defendants' willful failure to provide Plaintiffs and other California Class

4   members wages due and owing as described herein entitles Plaintiffs and the California Class

5   members who have separated from employment to recover a statutory penalty for each day they

6   were not paid, at their regularly hourly rate of pay, up to a maximum of thirty (30) days of pay

7   pursuant to Labor Code § 203.

8       117.    Labor Code Section 256 states "The Labor Commissioner shall impose a civil

9   penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section

10  203." Labor Code 256 penalties are in addition to penalties under labor Code 203. *Dunlap v.*

11  *Superior Court*, 142 Cal. App. 4th 330 (Cal. App. 2d Dist. 2006)

12      118.    Wherefore, Plaintiff demands   thirty (30) days of pay pursuant to Labor Code §

13  203

14      119.    In addition to and separate and apart of its demand for penalties under Labor

15  Code Section 203, Plaintiffs demand , as private attorneys generals pursuant to the civil

16  penalties provided for in Labor Code § 2699(f) and (g), on behalf of themselves and all other

17  aggrieved employees, an additional thirty (30) days of pay pursuant to Labor Code § 256.

18                          **NINTH CAUSE OF ACTION**

19              **FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
                **IN VIOLATION OF LABOR CODE § 226**

20

21      120.    Plaintiffs re-allege and incorporate by reference each and every allegation set

22  forth in the preceding paragraphs.

23      121.    Labor Code § 226 provides that every employer shall, semimonthly or at the time

24  of payment of wages, furnish each employee, either as a detachable part of the check or

25  separately, an accurate, itemized statement in writing showing gross wages earned, total hours

26  worked, and the applicable hourly rates and corresponding number of hours worked.

27

28

122.    At all relevant times, Defendants failed to furnish Plaintiffs and the California Class members, either semimonthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code § 226.

123.    Plaintiffs are informed and believe that Defendants knew or should have known that Plaintiffs and other California Class members were entitled to receive wage statements compliant with Labor Code § 226, and that Defendants willfully and intentionally failed to provide Plaintiffs and the California Class members with such accurate, itemized statements.

124.    Wherefore Plaintiffs demand that Defendant pay each and every California Overtime Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4000.00) pursuant to *Labor Code* § 226, as well as reasonable attorney's fees and costs of suit.

125.    In addition, Plaintiffs demand, as private attorneys generals on behalf of themselves and all other aggrieved employees, recovery of civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation committed by Defendant within one year of the filing of the letter with the Workforce Development Agency, as provided for in Labor Code § 2699(f) and (g), for the violation of Labor Code 226 of the Labor Code described hereinabove.

### TENTH CAUSE OF ACTION

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.*

### (Against All Defendants)

126.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

127.    Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including (a) paying employees providing the same services at two or more hourly rates, depending on whether they worked overtime and how much overtime they worked;

1  (b) reducing employees' hourly rates of pay on regularly scheduled home healthcare
2  assignments in amounts that rendered their weekly earnings equal to the amount of wages that
3  would have been earned by the employee had they been compensated for all hours worked at
4  straight-time rates only, thereby avoiding paying overtime to the employee while issuing
5  fabricated paystubs making it appear to the employees and the state of California that overtime
6  wages were being paid; (c) making lump sums deductions to employee paychecks to recover
7  overtime premiums earned by the employee; (d) requiring that employees sign an overtime
8  waiver and agree to a reduction in their hourly rate of pay in exchange for the assignment of
9  additional hour; (e) failing to compensate employees for hours spent relocating for out-of-town
10  assignments, travel time incurred in moving from their home to their temporary residence, and
11  hours spent traveling to and from the office, attending meetings, or completing training sessions;
12  (f) requiring Plaintiffs and the California Class members to work overtime without lawful
13  premium compensation; (g) failing to provide lawful meal and rest breaks or premium
14  compensation in lieu thereof; (h) failing to timely pay final wages upon separation from
15  employment; (i) failing to provide accurate, itemized wage statements; and (j) making
16  misrepresentations to Plaintiffs and the California Class regarding third party reimbursement
17  rates to induce them to agree to a reduction in their rate of pay while remaining if Defendants'
18  employ and refrain from seeking employment at other healthcare agencies, and reassigning
19  employees from cases paying standard hourly rates of pay to cases paying reduced hourly rates
20  of pay without informing employees that their wages had been cut, in violation of *California*
21  *Penal Code* §§ 484 and 532 (obtaining labor by false pretenses).

22  128.  In addition, the conduct alleged in each of the previously stated causes of action
23  constitute an unlawful and /or unfair business practice within the meaning of Business &
24  Professions Code 17,200.

25  129.  As a result of Defendants' conduct, Plaintiffs and the California Class have been
26  harmed as described in the allegations set forth above.

27  130.  The actions described above, constitute false, unfair, fraudulent and deceptive
28  business practices within the meaning of *California Business & Professions Code* § 17200, *et*

30     CLASS ACTION COMPLAINT

1    *seq.*  By and through such unfair, unlawful and/or fraudulent business practices, Defendants

2    have obtained valuable property, money and services from Plaintiffs and the California Class,

3    and have deprived Plaintiffs and the California Class of fundamental rights and privileges

4    guaranteed to all employees under California law.

5        131.  Defendants' policies and practices described above and below have unjustly

6    enriched Defendants, and conferred an unfair business advantage on Defendants over other

7    businesses providing similar services which routinely comply with the requirements of

8    California law.

9        132.  Plaintiffs seek, on their own behalf, and on behalf of the members of the

10   California Class, full restitution of all monies withheld, acquired and/or converted by

11   Defendants by means of the unfair practices complained of herein, as necessary and according

12   to proof, and/or disgorgement of all profits acquired by Defendants by means of the acts and

13   practices described herein.

14       133.  Plaintiffs seek, on their own behalf, and on behalf of other California Class

15   members similarly situated, an injunction to prohibit Defendants from continuing to engage in

16   the unfair business practices complained of herein.  Defendants' unlawful conduct, as described

17   above, unless and until enjoined and restrained by order of this court, will cause great and

18   irreparable injury to Plaintiffs and all California Class members in that the Defendants will

19   continue to violate these California laws unless specifically ordered to comply with the same.

20   This expectation of future violations will require current and future employees to repeatedly and

21   continuously seek legal redress in order to gain compensation to which they are entitled under

22   California law.  Plaintiffs have no other adequate remedy at law to insure future compliance

23   with the California labor laws and wage orders alleged to have been violated herein.

24                           **PRAYER FOR RELIEF**

25       WHEREFORE, Plaintiffs on their own behalf and on the behalf of the Class members, pray

26   for judgment as follows:

27   1.  For an order conditionally certifying the FLSA Opt-In Class and providing notice to all

28         class members so they may participate in this lawsuit.

31                                        CLASS ACTION COMPLAINT

2. For an order certifying the proposed California Overtime class, and each of its subclasses;

3. For an order appointing Plaintiffs as the representatives of each class and sub-class;

4. For unpaid wages and overtime wages and such general and special damages as may be appropriate;

5. For actual, consequential and incidental damages according to proof;

6. For liquidated damages;

7. For statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e), 226.3, 226.7, and 2699;

8. For waiting time wages according to proof pursuant to Labor Code §§ 203, and 256;

9. For disgorgement and restitution to Plaintiffs and other similarly effected class members of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate the mandate established by *California Business and Professions Code* § 17200 *et seq.*;

10. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by defendants as a result of violations of *California Business and Professions Code* § 17200 et seq.;

11. For an injunction to prohibit Defendants to engage in the unfair business practices complained of herein;

12. For an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

13. For actual damages or statutory penalties according to proof as set forth in *California Labor Code* §§ 226 and 1174, and IWC Wage Order No. 7 § 7(A) related to record keeping;

14. For all penalties to the State of California as provided by the Private Attorney General Act, Labor Code 2699;

15. For an order requiring Defendants to show cause, if any there be, why they should not

1    be enjoined and ordered to comply with the applicable California Industrial Welfare

2    Commission wage orders related to record keeping for Defendants' employees related

3    to same; and for an order enjoining and restraining Defendants and their agents,

4    servants and employees related thereto;

5    16. For pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and

6       2802(b) and *California Civil Code* § 3287 and other statutes;

7    17. That counsel for Plaintiffs be appointed as class counsel;

8    18. For reasonable attorneys fees, expenses and costs as provided by *California Labor*

9       *Code* §§ 218.5, 226(e) and (g), 1194, 2699, 2802 and *California Code of Civil*

10      *Procedure* § 1021.5; and

11   19. For such other and further relief the court may deem just and proper.

12   Dated: September 3, 2010                    Respectfully submitted,

13                                               **LAW OFFICE OF JENNIFER L. HART**

14                                               **THIERMAN LAW FIRM**

15

16                                               By: _____

17                                                   Mark R. Thierman
                                                     Jason Kuller
18                                                   Jennifer L. Hart

19                                               Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

33                        CLASS ACTION COMPLAINT

# Exhibit A



# LAW OFFICE OF JENNIFER L. HART

JENNIFER HART
310.903.0717
jhart@jhartlawfirm.com

June 9, 2010.

**VIA CERTIFIED MAIL**

The Prentice-Hall Corporation System, Inc.
2730 Gateway Oaks Drive
Suite 100
Sacramento, CA 95833

Subject: Buckland et al. v. Maxim Healthcare Services, Inc.

Dear Prentice-Hall:

The Prentice-Hall Corporation System, Inc. is the California registered agent of record for Maxim Healthcare Services, Inc. ("Maxim"). Enclosed please find a copy of the letter dated April 21, 2010 sent to the California Workforce Development Agency pursuant to California Labor Code sections 2699 et seq. ("PAGA"). This letter serves as notice to Maxim under PAGA that the above Plaintiff intends to pursue the claims described therein unless the violations are cured by Maxim in accordance with the PAGA requirements.

Thank you for your attention to this matter. If you have any questions, please contact me at the phone number or address below:

Jennifer L. Hart
1801 Century Park East
24th Floor
Los Angeles, CA 90067
Direct: (310) 903-0717
Fax: (310) 470-6324

Very truly yours,

Jennifer L. Hart

 **LAW OFFICE OF JENNIFER L. HART**

JENNIFER HART
310.903.0717
jhart@jhartlawfirm.com

April 21, 2010



## VIA CERTIFIED MAIL AND FACSIMILE (916.327.9158)

California Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, California 95814

Subject:   <u>Buckland et al. v. Maxim Healthcare Services, Inc.</u>

Dear Representative:

This office represents Barbara Buckland and Anna Marie Stewart in connection with their claims under the <u>California Labor Code</u>. The plaintiffs are former employees of Maxim Healthcare Services, Inc.

The employer may be contacted directly:

> Maxim Healthcare Services, Inc.
> 7227 Lee DeForest Drive
> Columbia, MD 21046

Or through its registered agent (a copy of this communication is also being sent to its registered agent):

> The Prentice-Hall Corporation System, Inc.
> 2730 Gateway Oaks Driver
> Suite 100
> Sacramento, CA 95833

Ms. Buckland and Ms. Stewart intend to seek penalties for violations of the <u>California Labor Code</u>, which are recoverable under <u>California Labor Code</u> sections 2699, <u>et seq.</u> Ms. Buckland and Ms. Stewart are seeking penalties on behalf of the State of California and aggrieved employees. This letter is sent in compliance with the reporting requirements of <u>California Labor Code</u> section 2699.3.



Maxim Healthcare Services, Inc. employed both Ms. Buckland and Ms. Stewart as a licensed vocational nurse, which is a non-exempt or hourly paid position, from approximately January 2005 to approximately November 2009. Their claims are as follows:

## Violations of California Labor Code §§ 510 and 1198

California Labor Code §§ 510 and 1198 require employers to pay time-and-one-half or two-times overtime wages, and make it unlawful to work employees for hours longer than eight hours in one day, twelve hours in one day and forty hours in one week without paying the premium overtime rates. Maxim Healthcare Services, Inc. implemented a multi-rate pay payment scheme reducing the hourly rate for employees working overtime so as to avoid California Labor Code requirements to pay overtime premiums. Ms. Buckland and Ms. Stewart and other aggrieved employees consistently worked overtime but were not paid for all the straight time and overtime hours they worked at their lawful hourly rate.

## Violation of California Labor Code §§ 226.7 and 512

California Labor Code sections 226.7 and 512 require employers to pay an employee one additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. Ms. Buckland and Ms. Stewart and other aggrieved employees were regularly not allowed to take meal and rest periods properly and were not properly compensated for missed meal and rest periods.

## Violation of California Labor Code §§ 201, 202, and 203

California Labor Code sections 201, 202, and 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Ms. Buckland and Ms. Stewart and other aggrieved employees were not paid all the wages that they were owed upon discharge.

## Violation of California Labor Code § 204

California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, Maxim Healthcare Services, Inc. failed to pay Ms. Buckland and Ms. Stewart and other aggrieved employees all wages due to them within any time period permissible by California Labor Code section 204.



## Violation of California Labor Code § 226(a)

California Labor Code section 226(a) requires employers to make, keep and provide true, accurate, and complete employment records. Maxim Healthcare Services, Inc. did not provide Ms. Buckland and Ms. Stewart and other aggrieved employees with proper itemized wage statements. The wage statements they received from Maxim Healthcare Services, Inc. were in violation of California Labor Code section 226(a). The violations include, without limitation, the failure to include the total hours worked, and the failure to include all applicable hourly rates.

Therefore, on behalf of all aggrieved employees, Ms. Buckland and Ms. Stewart seek all applicable penalties related to these violations of the California Labor Code pursuant to California's Labor Code Private Attorneys General Act.

Thank you for your attention to this matter. If you have any questions, please contact me at the phone number or address below:

> Jennifer L. Hart
> 1801 Century Park East
> 24th Floor
> Los Angeles, CA 90067
> (310) 903-0717

Very truly yours,

Jennifer L. Hart

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Celeforneg Workforce
Development Agency
801 K. Street
Suite 2101
Sacramento, CA 95814

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
REC'd

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

APR 2 6 2010

State of California
Labor & Workforce Development Agency

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7009 2250 0000 3506 6740

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Prentice-Hall Corporation Systems, Inc.
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Rhonda Tuck ☐ Agent ☐ Addressee
CA

B. Received by (Printed Name)   C. Date of Delivery
Rhonda Tuck

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

USPS

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7009 1410 0000 8301 6134

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

*8826636*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark R. Thierman, 72913<br>THIERMAN LAW FIRM<br>7287 Lakeside Suite 101<br>Reno, NV 89511<br>TELEPHONE NO.: (775) 284-1500<br>ATTORNEY FOR *(Name):* Defendant | F I L E D<br>ALAMEDA COUNTY<br><br>OCT 1 8 2010<br><br>CLERK OF THE SUPERIOR COURT |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Alameda County<br>1225 Fallon Street, #209<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Barbara Buckland, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Maxim Healthcare Services, Inc. | RG10535130 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>none |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, Notice of Filing of Consents to Joinder, ADR Packet, Order

3. a. Party served: Maxim Healthcare Services, Inc., a Maryland corporation

   b. Person Served: CSC – Dona Niemeyer – Person authorized to accept service of process

4. Address where the party was served: 2730 Gateway Oaks Drive Suite 100
   Sacramento, CA 95833

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* 10/15/2010      (2) at *(time):* 1:45 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Maxim Healthcare Services, Inc., a Maryland corporation

   under:     CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:       Tyler Dimaria
   b. Address:     One Legal – 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: · $ 29.00
   e. I am:
       (3) registered California process server.
           (i) Employee or independent contractor.
           (ii) Registration No.:2006-06
           (iii) County SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 10/15/2010

Tyler Dimaria
(NAME OF PERSON WHO SERVED PAPERS)             (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev. Jan 1, 2007)        **PROOF OF SERVICE OF SUMMONS**      Code of Civil Procedure, § 417.10

OL# 6729898

# EXHIBIT D

ENDORSED
FILED
ALAMEDA COUNTY

NOV 1 2 2010

CLERK OF THE SUPERIOR COURT
By
Deputy

1   MORGAN, LEWIS & BOCKIUS LLP
    REBECCA D. EISEN, State Bar No. 96129
2   REBECCA LICHT, State Bar No. 267752
    One Market, Spear Street Tower
3   San Francisco, CA 94105-1126
    Tel: 415.442.1000
4   Fax: 415.442.1001

5   Attorneys for Defendant
    MAXIM HEALTHCARE SERVICES, INC.

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF ALAMEDA

10

| | |
|---|---|
| 11   BARBARA BUCKLAND, individually, Anna Marie Stewart, individually, Carmen Peters, individually, and on behalf of other members of the general public similarly situated, | Case No. RG10535130 |
| | **DEFENDANT'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT** |
| 14            Plaintiffs, | |
| 15        vs. | |
| 16   MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation; and DOES 1 through 10, inclusive, | |
| 18           Defendants. | |

19

20      Defendant Maxim Healthcare Services, Inc. ("Defendant"), by and through its

21   undersigned counsel, hereby answer the Complaint ("Complaint") by Plaintiffs Barbara Buckland

22   ("Buckland"), Anna Marie Stewart ("Stewart"), and Carmen Peters ("Peters") (collectively

23   "Plaintiffs"), as follows:

24             **GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT**

25

26      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

    denies, generally and specifically, each and every allegation of the Complaint. Defendant further

27   denies that the named Plaintiffs, or any putative member of the purported class they seek to

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### FIFTH AFFIRMATIVE DEFENSE
**(Claims Are Not Common or Typical)**

5. The claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the class Plaintiffs seek to represent, the existence of which is expressly denied.

### SIXTH AFFIRMATIVE DEFENSE
**(The Named Plaintiffs Are Not Adequate Representatives)**

6. The Complaint fails to the extent it asserts a class action, because Plaintiffs are not adequate representatives of the purported class.

### SEVENTH AFFIRMATIVE DEFENSE
**(Superiority)**

7. The Complaint fails to the extent it asserts a class action because a class action is not superior.

### EIGHTH AFFIRMATIVE DEFENSE
**(Due Process/Class Certification)**

8. Certification of a class would constitute a denial of Defendant's due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

### NINTH AFFIRMATIVE DEFENSE
**(Collateral Estoppel/Res Judicata)**

9. Plaintiffs' claims, and the claims of the putative class they seek to represent, are barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

### TENTH AFFIRMATIVE DEFENSE
**(Waiver)**

10. Plaintiffs' claims, and the claims of the putative class they seek to represent, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22040181.1

3

ANSWER TO COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction and Payment)

11.    Plaintiffs' claims, and the claims of the putative class they seek to represent, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## TWELFTH AFFIRMATIVE DEFENSE
### (Release Through Prior Settlement Agreement)

12.    To the extent that Plaintiffs or any putative class member entered into any individual settlement agreement, any such individual has released some or all of the claims alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Laches)

13.    Plaintiffs' claims, and the claims of the putative class they seek to represent, are barred in whole or in part by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

14.    Plaintiffs' claims, and the claims of the putative class they seek to represent, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing, Due Process)

15.    Plaintiffs lack standing to bring claims against Defendant because they and/or the putative members of the class they seek to represent, did not suffer the injuries alleged in the Complaint.  The prosecution against Defendant of an action in these circumstances constitutes a denial of its due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

16.    To the extent Plaintiffs and the putative class they seek to represent seek to recover civil penalties that are disproportionate to the actual harm suffered, if any, including but not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22040181.1

4

1     limited to civil penalties under Labor Code Sections 203 and 226(e), an award of civil penalties

2     under the circumstances of this case would constitute an excessive fine and otherwise would be in

3     violation of Defendant's due process and other rights under the United States and California

4     Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

7     17.     Plaintiffs' causes of action and those of the putative class they seek to represent,

8     brought pursuant to California Business and Professions Code Section 17200, are barred in light

9     of the fact that Plaintiffs and the purported class have an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Irreparable Harm)

12     18.     Plaintiffs' claims for injunctive, declaratory, or other equitable relief, and the

13     claims of the putative class members they seek to represent, are barred in light of the fact that

14     Plaintiffs and the putative class members have not suffered and will not suffer irreparable harm

15     due to any alleged conduct of Defendant

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim Under California Business and Professions Code §§ 17200 et. seq.)

18     19.     Plaintiffs and the putative class members they seek to represent, have no private

19     right of action under California Business and Professions Code §§ 17200, *et seq*., because

20     Plaintiffs and the putative class members have not suffered injury in fact and have not lost money

21     or property as a result of any alleged unfair competition.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

24     20.     To the extent Plaintiffs or the putative class they seek to represent, have sustained

25     any damages, although such is specifically denied, Defendant is entitled under the equitable

26     doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class

27     members owed to Defendant against any judgment that may be entered against Defendant.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Good Faith)

21. If Maxim is found to have failed to pay Plaintiffs and/or any alleged class member any wages due, which Maxim denies, there is a good faith dispute that any wages are due, which precludes the imposition of waiting time penalties under Labor Code section 203.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Willful Violation of FLSA)

22. Plaintiffs are not entitled to rely on a three-year statute of limitations or recover any liquidated damages as prayed for in the Complaint under the FLSA because Maxim did not willfully fail to pay overtime wages and classified Plaintiffs and other alleged members of the purported collective action in "good faith."

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Preliminary or Postliminary Activities Excluded)

23. Assuming, *arguendo*, that Plaintiff and/or the alleged collective action members are entitled to any compensation for overtime, any time spent in any preliminary or postliminary activities by them must be excluded from compensable hours of work.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Internal and Administrative Remedies)

24. Plaintiffs' statutory claims, and the claims of the putative class member they seek to represent, are barred to the extent they failed to exhaust their internal and/or administrative remedies. See Cal. Labor Code § 2699.3.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Prerequisites)

25. The claims of Plaintiffs and of each alleged aggrieved employee are barred to the extent that they failed to exhaust the administrative prerequisites of the Labor Code Private Attorneys General Act.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22040181.1                                        6

ANSWER TO COMPLAINT

1    26.    Plaintiffs and the putative class members they seek to represent, are not entitled to

2    recover any civil penalties because, under the circumstances of this case, any such recovery

3    would be unjust, arbitrary and oppressive, or confiscatory, within the meaning of California

4    Labor Code Section 2699, as amended by Senate Bill 1809.

5
### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(Waiting Time Penalties)**
6

7    27.    The Complaint fails to state a claim for waiting time penalties under Labor Code

8    Section 203 and applicable federal law, in that *inter alia*, some of the members of the purported

9    class did not resign or were not discharged prior to the filing of this action.

10
### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**
11

12    28.    Plaintiffs' monetary claims, and the claims of each putative members of the

13    purported class, are barred in whole or in part because they have not appropriately nor adequately

14    mitigated their alleged damages.

15
### TWENTY-NINTH AFFIRMATIVE DEFENSE
**(Plaintiffs Are Not Entitled to Liquidated Damages)**
16

17    29.    Plaintiffs and any putative class members they purport to represent are not entitled

18    to recover any liquidated damages, as prayed for in the Complaint, because Defendant can

19    demonstrate good faith and reasonable grounds under Labor Code section 1194.2(b) and 29

20    U.S.C. § 260.

21
### THIRTIETH AFFIRMATIVE DEFENSE
**(Failure to Fully Comply With Statutory Requirements)**
22

23    30.    The claims under the Private Attorneys General Act are barred or limited and

24    Plaintiffs lack standing because of, among other reasons, the failure to satisfy all statutory

25    requirements as set forth in the Private Attorneys General Act.

26
### THIRTY-FIRST AFFIRMATIVE DEFENSE
**(Avoidable Consequences)**
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22040181.1                                7

1    31.    The claims of Plaintiffs and putative members of the purported class are barred, or

2  recovery reduced, because Defendants took reasonable steps to prevent and correct the conduct

3  alleged in the Complaint; Plaintiffs and putative members of the purported class unreasonably

4  failed to use the preventive and corrective measures that Defendant provided; and reasonable use

5  of Defendant's procedures would have prevented at least some of the harm that Plaintiffs and

6  putative members of the purported class allegedly suffered.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
#### (Exclusive Remedy)

9    32.    The tenth cause of action is barred by the exclusive remedy doctrine, because Plaintiffs

10  seek to bring a claim under California law based in part on an alleged violation of the Fair Labor

11  Standards Act, and the statutory remedy provided by the Fair Labor Standards Act is the

12  exclusive remedy for the enforcement of whatever rights Plaintiffs and the putative class may

13  have under the Fair Labor Standards Act.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
#### (Rules Enabling Act)

16    33.    The Complaint violates the Rules Enabling Act because it seeks to abridge the

17  substantive rights conferred by Section 216(b) of the Fair Labor Standards Act.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
#### (Overtime Compensation Exemptions)

20    34.    At all times mentioned in the Complaint, some or all of Plaintiffs and some or all

21  putative members of each purported subclass defined in the Complaint were not entitled to

22  overtime pay because they were exempt from overtime compensation requirements by virtue of

23  one or more of the exemptions contained in the applicable federal and California wage and hour

24  laws.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
#### (Prior Determination of Validity)

27    35.    Plaintiffs' claims are barred because Defendant acted in good faith, in conformity

28  with, and in reliance on, administrative regulations, orders, rulings, approvals, or interpretations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22040181.1                                    8

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On November 12, 2010, I served the within documents:

- **DEFENDANT'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT;**

on the parties involved addressed as follows:

| | |
|---|---|
| **Mark R. Thierman** | **Jennifer L. Hart** |
| **Jason Kuller** | **LAW OFFICE OF JENNIFER L. HART** |
| **THIERMAN LAW FIRM** | **1801 Century Park East, 24th Floor** |
| **7287 Lakeside Drive** | **Los Angeles, CA 90067** |
| **Reno, Nevada 89511** | **Ph: 310.903.0717** |
| **Ph: 775.284.1500** | |

☒ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 12, 2010, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_Jo Crenshaw_
Jennifer L. Crenshaw

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22045593.1                    2
ANSWER TO COMPLAINT